```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
U2 HOME ENTERTAINMENT, INC.,           :
                                       :
               Plaintiff,              :
                                       :    04 Civ. 6189 (JFK)
     -against-                         :    OPINION & ORDER
                                       :
                                       :
HONG WEI INTERNATIONAL TRADING INC.    :
and JIXONG NI,                         :
                                       :
               Defendants.             :
- - - - - - - - - - - - - - - - - - - -X
```
**JOHN F. KEENAN, United States District Judge**:

       This Opinion addresses Defendants' objection to a discovery order issued by Magistrate Judge Maas.

       On January 5, 2007, Judge Maas issued an Order in this case directing, among other things, that fact discovery be completed by April 13, 2007 (Dkt. #30). On April 26, 2007, in response to a request by Defendants Hong Wei International Trading, Inc. and Jixong Ni (collectively, "Defendants") request for an extension of discovery, Judge Maas extended the discovery deadline to August 3, 2007 (Doc. #36). At a conference before Judge Maas on August 2, 2007, one day before the close of discovery, Defendants requested that Judge Maas extend the discovery deadline and order Plaintiff U2 Home Entertainment, Inc. ("Plaintiff") to provide certain documents to Defendants. Specifically, Defendants requested the production of invoices of Plaintiffs' sales of videodiscs to Defendants from 1998 to 2003 (the "sales invoices") and the production of documents showing

1

the receipt by Plaintiff of master recordings from Plaintiff's licensors (the "supply documents"). Judge Maas denied Defendants' request for both classes of documents, and his Order, in which August 3, 2007 was set as the date for the close of discovery, remained in effect.

Defendants have requested that the Court reverse Judge Maas' denial of their request for the production of the sales invoices and the supply documents, on the ground that the documents would be helpful to Defendants' defenses and counterclaim. Defendants contend that the sales invoices "are exculpatory in nature, in that they will show that" certain videodisc titles that Defendants are alleged to have unlawfully duplicated "were duly licensed by plaintiff for defendants' retail business." (Def. Letter, Aug. 3, 2007, at 3.) Defendants claim that the supply documents are important for both Defendants' equitable defenses under copyright law and their counterclaim because those documents will show that Plaintiff was distributing videodisc master recordings prior to receiving copyright licenses from its licensors.

"Under Rule 72(a), a district court judge may modify or set aside any portion of a magistrate judge's order on a non-dispositive matter only to the extent that the order is 'clearly erroneous or contrary to law.'" Tribune Co. v. Purcigliotti, No. 93 Civ. 7222 (LAP), 1998 U.S. Dist. LEXIS 5155, at *12-13

(S.D.N.Y. Apr. 14, 1998) (quoting Fed. R. Civ. P. 72(a)). Discovery matters are generally considered non-dispositive of litigation. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A discovery order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure. See Pisacane v. Enichem America, Inc., No. 94 Civ. 7843 (JFK) (NRB), 1996 U.S. Dist. LEXIS 9755 (S.D.N.Y. July 12, 1996). A magistrate's order should be found clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations omitted). A magistrate judge is best qualified to "judge the entire atmosphere of the discovery process." Bogan v. Northwestern Mut. Life Ins. Co., 144 F.R.D. 51, 53 (S.D.N.Y. 1992). Therefore, his rulings on discovery matters are entitled to substantial deference. See Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion."). The party seeking to overturn a magistrate judge's decision thus carries a heavy burden. See Catskill Dev., LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citing Citicorp v. Interbank Card Ass'n, 87 F.R.D. 43, 46 (S.D.N.Y. 1980)).

It is clear from the record of this case that Judge Maas gave proper consideration to Defendants' requests for the documents at issue before denying those requests.  As Defendants themselves point out, Judge Maas, at the August 2, 2007 conference, initially indicated that he would grant the request for production of the sales invoices but then decided to deny the request.  The fact that Judge Maas at first may have leaned toward ruling in the defendants' favor does not weigh in favor of reversing Judge Maas' decision but rather shows that Judge Maas gave the issue due consideration before making a final ruling.  Similarly, the fact that, in January 2007, Judge Maas initially reserved his decision on Defendants' request for production of the supply documents before ultimately denying the request six months later is evidence that the judge's final discovery decision was the result of appropriate deliberation.  There is no indication that, in making his rulings concerning Defendants' requests for production of the documents at issue, Judge Maas misapplied the law or otherwise ruled erroneously.

Defendants' sole basis for its objection to Judge Maas' discovery order is that the documents at issue are important to their case.  This claim, standing alone, is insufficient to warrant reversal of Judge Maas discovery order.  Defendants have not even attempted to show that Judge Maas' denial of their request for the production of documents was either contrary to

4

law or clearly erroneous and thus have failed to meet the stringent standard of Rule 72(a). Accordingly, I decline to overrule Judge Maas' discovery order. Defendants' requests for production of the sales invoices and supply documents are denied. Discovery remains closed. The parties are directed to submit to the Court a joint proposed briefing schedule for summary judgment motions.

SO ORDERED.

Dated: New York, New York
       August 13, 2007

*John F. Keenan*
JOHN F. KEENAN
United States District Judge