UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x   04-CIV-6189(JFK)(FM)
U2 HOME ENTERTAINMENT, INC.,

        Plaintiff,

     vs.

HONG WEI INTERNATIONAL TRADING INC.
and JIXONG NI,

        Defendants.
- - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE CLAIMS ASSERTED IN THE COMPLAINT AND DISMISSING DEFENDANTS' CLAIMS ASSERTED IN THE COUNTERCLAIM**

**TABLE OF CONTENTS**

Page

INTRODUCTION...............................................1

FACTUAL AND PROCEDURAL BACKGROUND..........................2

HONG WEI'S PRIOR INFRINGEMENT OF U2 HOME'S RIGHTS.............4

HONG WEI'S CONTINUING INFRINGING ACTIVITIES..................6

HONG WEI'S DOCUMENTED INFRINGEMENT..........................8

ARGUMENT...................................................9

I.   U2 HOME SHOULD BE GRANTED SUMMARY JUDGMENT ON ITS
     CLAIMS AS ALLEGED IN THE COMPLAINT.....................9

     A.   The Summary Judgment Standard.....................9

     B.   Hong Wei Is Indisputably Liable For Copyright
          Infringement....................................10

     C.   U2 Home Is The Owner Of Valid Copyrights To The
          TVB Series......................................10

          1.   The Copyright Registrations Constitute Prima
               Facie Evidence That Are Protected By Valid
               Copyright Registrations.....................10

          2.   U2 Home's Chain Of Title Establishes That
               U2 Home Is The Owner Of Exclusive Rights To
               The TVB Series..............................11

          3.   In The Prior Action Hong Wei Conceded That
               U2 Home Is The Owner Of Exclusive Rights To
               The TVB Series..............................12

          4.   U2 Home's Ownership Of Exclusive Rights Was
               Determined By This Court and Is Established By
               The Doctrine of Issue Preclusion.............12

D.   HONG WEI HAS VIOLATED U2 HOME'S EXCLUSIVE RIGHTS
     UNDER COPYRIGHT...................................15

     1.   U2 Home Purchases Of Unauthorized VCDs........16

     2.   Hong Wei's Unauthorized Distribution Is
          Detailed By The Rental Cards..................16

     3.   Hong Wei Should Be Precluded From Denying
          That It Infringed The TVB Series.............17

II.  U2 HOME IS ENTITLED TO AN AWARD OF STATUTORY DAMAGES....18

     A.   The Award of Statutory Damages Is Authorized By
          The Copyright Act................................18

     B.   Plaintiff Elects To Recover Statutory Damages As
          Provided By The Copyright Act....................19

     C.   Plaintiff Is Entitled To An Award Of Statutory
          Damages For Each Episode Infringed................21

     D.   Hong Wei Willfully Infringed U2 Home's Copyrights..24

     E.   The District Court Is Afforded "Broad Discretion"
          In Determining The Amount Of Statutory Damages.....27

III. THIS COURT SHOULD AWARD PLAINTIFFS THEIR FULL COSTS
     INCLUDING REASONABLE ATTORNEYS' FEES....................29

     A.   The Award Of Costs Including Reasonable Attorneys'
          Fees Is In The Court's Discretion.................29

     B.   The Facts Of This Case Support An Award Of
          Plaintiff's Costs.................................30

          1.   Hong Wei's Conduct During This Action Was
               "Objectively Unreasonable" and In Bad Faith...30

          2.   U2 Home Should Be Awarded Its Full Costs To
               Advance The Considerations Of Compensation
               And Deterrence...............................32

          3.   Mr. Ni Has The Ability To Pay The Damages
               Award........................................32

IV.   HONG WEI'S COUNTERCLAIM SHOULD BE DISMISSED FOR FAILURE
      TO STATE A CLAIM.....................................33

**CONCLUSION**..............................................35

## TABLE OF AUTHORITIES

**Cases**                                                           **Page**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505(1986).............................................9

Antenna Television v. Aegean Video Inc., 1996 WL 298252 (E.D.N.Y. 1996).....................................22

Apple Computer, Inc. v. Formula International, Inc. 725 F.2d 521 (9th Cir. 1984)..............................10

Basic Books, Inc. v. Kinko's Graphics Corp. 758 F.Supp. 1522 (S.D.N.Y. 1991)..................................21

Celotex Core v. Catrett, 427 U.S. 317 (1986).................9

Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997) aff'd 259 F.3d 766 (11th Cir. 1996).............................22

Earth Flag Ltd. v. Alamo Flag Comp., 154 F.Supp.2d 663 (S.D.N.Y. 2001)...........................................31

Feist Publishing, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 111 S.Ct. 1282 (1991)...........................10

Fitzgerald Publishing Co. v. Baylor Publishing, Co. 807 F.2d 1110 (2d Cir. 1986)................................24,27

Fogerty v. Fantasy, Co., 510 U.S. 517 (1994)................30

F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228 (1952)....................................................28

Gamma Audio and Video, Inc. v. Ean-Chea, 11 F.3d 1106 (1st Cir. 1993)..........................................22,23,24

Getaped.com, Inc. v. Cangemi, 188 F.Supp.2d 398 (S.D.N.Y. 2002)...........................................27

Greive v. Tamierin, 269 F.3d 149 (2d Cir. 2001)............13

Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc. 602

F.Supp. 151 (S.D.N.Y. 1984)...................................28

Knitwaves, Inc. v. Lollytogs, Inc., 71 F.3d 996
(2d Cir. 1995).............................................21,28

Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189
(2d Cir. 1985)................................................10

Iris Arc v. S.S. Sarna, Inc. 229 U.S.P.Q. 25
(E.D.N.Y. 1985)...............................................11

Lauratex Textile Corp. v. Alton Knitting Mills, Inc., 519
F.Supp. 730 (S.D.N.Y. 1981)...................................29

Matthew Bender & Comp., Inc. v. West Publishing Co., 240
F.3d 116 (2d Cir. 2001).......................................30

Novelty Textile Mills, Inc. v. Joan Fabrics Corp., 558 F.2d
1090 (2d Cir. 1977)...........................................10

Odegard, Inc. v. Costikyan Classic Carpets, 963 F.Supp.
1328 (S.D.N.Y. 1997)..........................................28

Pellechia & Pelliachia, Inc. v. American Natural Fire Ins.
Comp., 249 A.D. 2d. 395 (2d. Dept. 1997)......................34

Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490
(2d Cir. 2002)................................................10

Silverstein v. Penguin Putnam, Inc., 368 F.3d 77
(2d Cir. 2004).................................................9

Stevens v. Aeonian Press, Inc. 64 USPQ 2d 1920, 2002 WL
31387224 (S.D.N.Y Oct. 23, 2002)........................27,28,32

Stigwood Group Ltd. v. O'Reilly, 530 F.2d 1096
(2d Cir. 1976) cert. denied 429 U.S. 848 (1976).............22

Twin Peaks Productions, Inc. v. Publications International,
Ltd., 996 F.2d 1366 (2d Cir. 1993)....................22,24,28

U2 Home Entertainment, Inc. v. China Video, Inc. 2006
U.S. Dist. LEXIS 2788 (S.D.N.Y. January 23, 2006)...........23

U2 Home Entertainment, Inc. v. Fu Shun Wang et al., 482
F.Supp.2d 314 (E.D.N.Y. 2007)...............................23

U2 Home Entertainment, Inc. v. John Does I through V d/b/a
"Go Go Mall", 2005 WL 3018702 (E.D.N.Y. Sept. 13, 2005)......23

U2 Home Entertainment, Inc. v. Hong Wei International
Trading Inc., 2005 WL 3766976 *7 (S.D.N.Y. May 3, 2005).....5,7

U2 Home Entertainment, Inc. v. Lai Ying Music & Video
Trading, Inc. and Wei Ping Yuan, U.S. Dist. LEXIS 9853
(S.D.N.Y. May 25, 2005) *aff'd in relevant part* 2007
U.S. App. LEXIS 860 (April 9, 2007)...............9,10,11,19,28

U2 Home Entertainment, Inc. v. Music Depot Inc. et al.
(S.D.N.Y. 2006).............................................24

U2 Home Entertainment, Inc. v. Rolling Rock Music Corp.,
2005 WL 2414351 (S.D.N.Y. September 30, 2005)...............19

United Knitwear Co., Inc. v. North Sea Lens. Comp., 203
A.D. 2d. 358, (2d Dept. 1994)...............................34

United States v. Hussein, 178 F.3d 123 (2d Cir. 1999).......13

United States v. O'Rourke, 943 F.2d 180 (2d Cir. 1991)......15

United States v. Pennsylvania, 1994 WL 502352 (E.D.Pa.
Sept. 12, 1994).............................................15

Warner Bros. Ent. v. Caridi, 346 F.Supp.2d 1068
(C.D.Cal. 2004).............................................29

## **Statutes**

15 U.S.C. § 1117(a).........................................19
17 U.S.C. § 101.............................................10
17 U.S.C. § 106.........................................10,15
17 U.S.C. § 106(1)..........................................16
17 U.S.C. § 106(3)..........................................16
17 U.S.C. § 410(c)..........................................10
17 U.S.C. § 412(2)..........................................20
17 U.S.C. § 501(b)..........................................10
17 U.S.C. § 504.............................................18
17 U.S.C. § 504(a)..........................................19
17 U.S.C. § 504(c)..........................................21
17 U.S.C. § 504(c)(1).......................................19
17 U.S.C. § 504(c)(2).......................................19

17 U.S.C. § 505..................................................2
N.Y. General Business Law § 349.........................33,34,35

## Rules

Fed.R.Civ.P. 56.................................................9

## Treatises

18 Moore's Federal Practice, § 132.01[1] (Matthew Bender
3d ed.)........................................................13

18 Moore's Federal Practice § 132.03[4][D][viii] at 132-126
(Matthew Bender 3d ed.)........................................15


Melville B. Nimmer and David Nimmer, 4 Nimmer on Copyright
§ 10.04[A], 14-446.64 .........................................20

Melville B. Nimmer and David Nimmer, 4 Nimmer on Copyright
§ 14.04[B][1][a] at 14-70......................................27

**INTRODUCTION**

This is a infringement action involving the unauthorized distribution of copyrighted motion pictures in violation of plaintiff's exclusive rights under the Copyright Act and the Lanham Trademark Act.[1]

In this case it is not in dispute that plaintiff is the owner of exclusive rights to certain motion pictures originally created in Asia; and that defendants infringed these rights by distributing unauthorized copies of these movies.

First, plaintiff's copyright ownership is not in dispute because: (1) defendants stipulated to that effect in the prior related action; (2) during the contempt hearing in the prior action, defendants did not object to plaintiff's ownership documents being admitted into evidence; (3) plaintiffs have produced copyright registrations which are *prima facie* evidence of plaintiff's rights to these works; and (4) during previous proceedings against Hong Wei, this Court has held that plaintiff is the owner of exclusive rights.

Second, it is not in dispute that defendants have committed copyright infringement because: 1) defendants have admitted to distributing unauthorized discs; 2) defendants' own records detail their many years of illegal conduct; and 3) this Court has

---

[1] Summary judgment is not being sought on claims brought pursuant to the Lanham Trademark Act. If plaintiff's motion is granted, plaintiff will waive its rights to recover damages for trademark infringement and unfair competition.

previously held that defendants infringed plaintiff's rights.

The unlawful behavior of the defendants has continued unabated. Not only has plaintiff sued the defendants previously, but this Court has held defendants in contempt of court for their continued distribution of illegal discs.

The defendant Jixong Ni has flaunted his disrespect for plaintiff's rights and this Court's orders. Although Mr. Ni has described himself as a business man and knowledgeable of copyright laws, he operated a store that made significant revenue selling illegal goods despite a previous lawsuit and permanent injunction.

In light of the undisputed facts of plaintiff's ownership and defendants' conduct, plaintiff seeks summary judgment as follows: (1) an award of minimum statutory damages of $750 per work as provided by a Section 504 of the Copyright Act in the amount of $1,035,750 for each of 1,381 works infringed; (2) dismissal of the counterclaims asserted by defendants; and (3) an award of plaintiff's costs, including reasonable attorneys' fees, as provided by Section 505 of the Copyright Act.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, U2 Home Entertainment, Inc., ("U2 Home"), is a California corporation doing business as Century Home Entertainment, New Image Audio and Video and Tai Seng Entertainment formerly Tai Seng Video Marketing. U2 Home is

engaged in the business of, *inter alia*, licensing feature motion picture and television programming in Asian languages in the United States in the form of videocassettes, video compact discs ("VCDs") and digital versatile discs ("DVDs").

U2 Home has obtained exclusive authority to distribute the TVB Series in the United States.  The TVB Series are ongoing television dramas akin to American soap operas.  They are the most popular television series from Hong Kong and U2 Home's most popular and valuable product.

U2 Home distributes copies of the new TVB Series releases in DVD format only; not in the inferior VCD format.

Defendant Hong Wei International Trading Inc. during the relevant time period of this lawsuit was a corporation duly incorporated and operating under the laws of the State of New York.  Following the institution of this lawsuit Hong Wei International Trading Inc. ceased being an active business entity. On or about December 8, 2005, the business operated by Hong Wei International Trading, Inc. was allegedly transferred to HWV Corp.

Defendant Jixong Ni had been the sole director, officer, and shareholder of the corporate defendant Hong Wei International Trading, Inc.  Mr. Ni personally controlled the operation of the Hong Wei store, including the purchasing of all merchandise for sale; and had the right and ability to control the business and had a financial interest therein.  (Defendants, Hong Wei

International Trading Inc. and Jixong Ni are hereinafter
collectively referred to as "Hong Wei".)

Mr. Ni is well versed on the copyright laws in this country.
Mr. Ni is the president of the U.S. Chinese Video Association,
elected to this post by other video retail store owners.  This
organization hires attorneys to educate member stores to follow
the copyright laws of the United States; they have three attorneys
who teach them how to deal with copyright issues.  *See,* Contempt
Trans. pp. 151 - 153.

Also, Mr. Ni is the sole shareholder of TYT East Corp. a
company that has commenced at least two cases, <u>TYT East Corp. v.</u>
<u>A&E Entertainment Inc., et al.</u>, 05-Civ-9565 (DLC)(S.D.N.Y.) and
<u>TYT East Corp. v. 8 San Shui Music Inc., et al</u>. Civ-06-0090
(DLI)(VVP)(E.D.N.Y.) against Chinese speaking video stores for
copyright infringement stemming from these store's alleged
distribution of pirated copyrighted motion pictures.  See, Shapiro
Aff. ¶¶ 7-9 and Exh. E. Therefore, it cannot be disputed that Mr.
Ni was aware of the legal consequences of Hong Wei's infringing
activity.

HONG WEI'S PRIOR INFRINGEMENT<br>OF U2 HOME'S RIGHTS

This is not the first time that Hong Wei has been sued for
copyright infringement by U2 Home.  On July 24, 2002, U2 Home sued
Hong Wei for copyright and trademark infringement, <u>U2 Home</u>

4

Entertainment, Inc. v. Hong Wei International Trading Inc., d/b/a Hong Wei Inc., and Jixong Ni, and John Does 2 through 5, d/b/a Hong Wei Inc., 02-CIV-5828 (JFK) (S.D.N.Y. 2002) alleging that Hong Wei was distributing unauthorized copies of the TVB Series (the "Prior Action").  In the Prior Action, approximately, 1,769 unauthorized copies of the TVB Series were seized by the United States Marshal from the Hong Wei store.

Prior to the October 20, 2003 bench trial, Hong Wei conceded, in the pretrial order, that U2 Home was the owner of exclusive rights to the TVB Series. During the bench trial, Hong Wei admitted that they had duplicated VCDs of the TVB Series, but asserted that their duplication was authorized by U2 Home.

Following the trial but before the entry of judgment, the parties reached a settlement.  The settlement agreement provided, inter alia, that Hong Wei would pay to U2 Home $50,000, consent to the entry of a permanent injunction, and enter into a "Sublicense Agreement" for the distribution of TVB Programs.  On December 30, 2003, the Court signed the proposed injunction and judgment (Hereinafter the "Permanent Injunction"), which provided, in paragraph 1(a) and (b) that Hong Wei was enjoined from:

> "(a)  Infringing Plaintiff's exclusive rights under copyright in the motion pictures duly copyrighted by Plaintiff or in which Plaintiff owns exclusive distribution rights, (all referred to hereinafter as "the Subject Motion Pictures");
> (b)  Importing, manufacturing, copying, duplicating or knowingly selling, renting,

5

dispose of any unauthorized videocassettes or video discs copies of the Subject Motion Pictures."

The parties also entered into a "Non-Exclusive Sublicense Agreement" (the "TVB Sublicense") whereby Hong Wei was authorized to distribute for the term December 1, 2003 through November 30, 2004 DVDs of the TVB Programs.  The license fee payable was $100,000; additional DVDs could be purchased at a cost of $6.76 per disc.  Pursuant to the TVB Sublicense, plaintiff would provide to Hong Wei 14,800 TVB discs in the Mandarin and Cantonese versions annually.  These discs could be rented but not sold to the public.  If Hong Wei needed additional DVD copies of the TVB Series, such copies could be purchased from U2 Home. Neither Hong Wei, nor any other store, has ever been granted the right to duplicate the TVB Series.

### HONG WEI'S CONTINUING INFRINGING ACTIVITIES

Despite the Prior Action, the Permanent Injunction and the TVB Sublicense, Hong Wei continued to illegally distribute copies of the TVB Series.  Prior to the filing of this action, U2 Home received complaints from other sublicensees in New York that Hong Wei was making and distributing unauthorized copies of the TVB Series.

On or about April 13, 2004, U2 Home sent a cease and desist letter to Hong Wei to warn them that their conduct was

unauthorized and in violation of the Permanent Injunction.

Despite the cease and desist letter, Hong Wei unauthorized activity continued.   Prior to the filing of this action, investigators acquired from Hong Wei ninety-one (91) illegally duplicated VCDs of the TVB Series.[2]   It shold be noted that Hong Wei was provided authorized DVDs of these same works pursuant to the TVB Sublicense.

Thereafter, on July 24, 2004, this case was commenced, concurrently, U2 Home moved this Court for an order finding Hong Wei in contempt of the Permanent Injunction.

During the contempt hearing, Mr. Ni admitted that most of the discs purchased from his store were illegal copies and provided the Court with at least five different explanations as to the source of the illegal discs.[3]   Further, Mr. Ni provided the Court samples of rental cards which evidence Hong Wei's distribution of unauthorized copies of the TVB Series.

The Court held that U2 Home was the owner of exclusive rights to the TVB Series and by their unauthorized activities, Hong Wei had violated those exclusive rights.   Judge Keenan found Hong Wei in contempt and ordered them to pay $52,929.92 in civil sanctions, inclusive of attorneys' fees and costs.

---

[2]  These titles include the following titles: "Dream of Colours", "Golden Faith", "The Duke of Mount Deer", "A Handful of Love", "Hidden Treasures", "To Get Unstuck in Time", "Triumph in the Skies", and "Twin of Brothers".
[3]  In this Court's opinion dated May 3, 2005, the Court compared Mr. Ni's shifting explanations as to the source of the discs to that of Pinocchio. The Court stated Mr. Ni "regaled the Court with a display of untruthfulness that would have astounded Pinocchio". U2 Home Entertainment, Inc. v. Hong Wei International Trading, Inc., 2005 WL 3766976, *7 (S.D.N.Y. May 3, 2005).

HONG WEI'S DOCUMENTED INFRINGEMENT

During the course of discovery in this action, Hong Wei produced hundreds of pages of rental cards. During the contempt hearing, Mr. Ni explained how these rental cards detailed whether a DVD or a VCD was rented. Therefore, based on Hong Wei's own rental records, U2 Home is able to determine the scope of Hong Wei's infringing conduct since each VCD rental of a new TVB Series program is an infringing distribution. (These records are further discribed below at point I(D)(2).)

These rental cards establish that Hong Wei has infringed some 1,917 episodes of the TVB Series by distributing such works on unauthorized VCDs. Hong Wei's infringement is not in dispute.

In response to the complaint, Hong Wei has asserted a counterclaim alleging that U2 Home committed deceptive business practices when it entered into the TVB Sublicense because "Hong Wei believed that Tai Seng and Plaintiff were the same as each other and therefore agreed to pay a higher amount of royalties..." However, as Hong Wei is well aware, Tai Seng Entertainment is a fictitious "doing business as" name of U2 Home; there is no set of facts that can be shown to show that establishes that Hong Wei was damaged by such an alleged representation. Therefore, this counterclaim should be dismissed since it fails to state a claim on which relief can be granted and no evidence has been adduced

8

during discovery to the contrary.

It is undisputed in this case that U2 Home is the owner of exclusive distribution rights to the copyrighted TVB Programs and that Hong Wei infringed those rights by distributing unauthorized discs of the TVB Programs.  These undisputed facts warrant summary judgment.

**ARGUMENT**

I.   U2 HOME SHOULD BE GRANTED SUMMARY JUDGMENT ON ITS CLAIMS AS ALLEGED IN THE COMPLAINT.

A.   The Summary Judgment Standard.

A motion for summary judgment may be granted under Fed.R.Civ.P. 56 if the entire record demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); and Celotex Core v. Catrett, 427 U.S. 317, 323 (1986).  This is the applicable standard in copyright cases.  See, Silverstein v. Penguin Putnam, Inc., 368 F.3d 77, 80 (2d Cir. 2004); and U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc. and Wei Ping Yuan, 2005 U.S. Dist. LEXIS 9853; 2005 WL 1231645 (S.D.N.Y. May 25, 2007) *affirmed in relevant part* 2007 U.S. App. LEXIS 8650 (2d Cir. April 9, 2007).

B.   Hong Wei Is Indisputably Liable For Copyright

B.   Hong Wei Is Indisputably Liable For Copyright Infringement.

To succeed on their copyright infringement claim, plaintiffs
need only establish (1) ownership of a valid copyright and (2)
defendants violated one of the exclusive rights granted plaintiff
in 17 U.S.C. § 106 by copying or distributing plaintiff's
copyrighted motion pictures without authorization.  See, Feist
Publishing, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 111
S.Ct. 1282 (1991); Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780
F.2d 189, 192 (2d Cir. 1985); Novelty Textile Mills, Inc. v. Joan
Fabrics Corp., 558 F.2d 1090, 1092 (2d Cir. 1977); and Lai Ying,
2005 WL 1231645 at *4.

C.   U2 Home Is The Owner Of Valid Copyrights To The TVB
     Series.

As defined in 17 U.S.C. § 101 the phrase "copyright owner"
includes an exclusive licensee.  Under 17 U.S.C. § 501(b) a
"copyright owner" may sue for infringement.  Random House, Inc. v.
Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002); and Lai Ying,
2005 WL 1232645 at *4.

1.   The Copyright Registrations Constitute Prima Facie
     Evidence That The Works At Issue Are Protected By Valid
     Copyright Registrations.

The Copyright Act provides that the certificate of copyright
registration "shall constitute prima facie evidence of the
validity of the copyright and of the facts stated in the
certificate".  17 U.S.C. § 410 (c).  See, Apple Computer, Inc. v.
Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984);

10

*Iris Arc v. S.S. Sarna, Inc.*, 229 U.S.P.Q. 25, 27 (E.D.N.Y. 1985); and *Lai Ying*, 2005 WL 1231645, at *4.  Photocopies of the copyright registration certificates for each of the motion pictures to which U2 Home requests damages (the "Subject TVB Series Works") are attached to the Alan T. Huie affidavit submitted in support of this motion.  U2 Home thereby establishes *prima facie* validity of copyright.

> 2.   U2 Home's Chain Of Title Establishes That U2 Home Is The Owner Of Exclusive Rights To The TVB Series.

U2 Home's ownership of rights is conclusively established by the testimony and affidavit of Alan T. Huie, U2 Home's General counsel, and the documents presented.

The titles that were purchased prior to the filing of this action are part of the Subject's TVB Series Works in this case. These works all have the same chain of title documents because they are part of the TVB Series.  During the contempt hearing, Mr. Huie testified concerning U2 Home's acquisition of rights.

Also, in his affidavit submitted herewith, Mr. Huie reconfirms that U2 Home is the owner of exclusive rights to the TVB Series and provides the chain of title documents for the TVB Series.  See, Huie Aff. ¶¶ 7-11 and Exhibits A-C.

Therefore, U2 Home has presented evidence conclusively establishing ownership of exclusive rights to the TVB Series Works.

3.    In The Prior Action Hong Wei Conceded That U2 Home Is
      The Owner Of Exclusive Rights To The TVB Series.

Hong Wei has previously conceded U2 Home's ownership of

rights to the TVB Series.

U2 Home's ownership of rights to the TVB Series was

stipulated by Hong Wei prior to the bench trial in the Prior

Action.  (See Joint Pre-Trial Order, August 4, 2003; Stipulated

Fact #2; and Hong Wei, 2005 WL 3766976 at *2.)  In this case, the

same works and chain of title are in issue as Hong Wei stipulated

in the Prior Action.[4]  There are several titles that Hong Wei

stipulated to U2 Home's ownership in the Prior Action, which were

infringed again in this action.[5]

Therefore, Hong Wei has stipulated that U2 Home is the owner

of exclusive rights to the TVB Series.


4.    U2 Home's Ownership Of Exclusive Rights Was Determined
      By This Court and Is Established By The Doctrine of
      Issue Preclusion.

In its holding of Hong Wei in contempt of the Permanent

Injunction, this Court held that U2 Home is the exclusive rights

holder to the TVB Series, therefore Hong Wei should be

collaterally estopped from asserting that U2 Home is not the

---

[4]  It should be noted that the agreement between TVB Holdings, (USA) Inc. and U2 Home Entertainment was extended on December 17, 2005. See, Huie Aff. Exh. A.

[5]  Numerous works were seized in the Prior Action and were distributed by Hong Wei as evidenced by the rental cards. Hong Wei stipulated in the Prior Action to U2 Home's ownership of exclusive rights to these titles which include the following: "A Step Into the Past", "At the Threshold of an Era", "Doomed to Oblivion", "Duke of Mount Deer", "Love is Beautiful", "On the Track or Off", "Seven Sisters", "Treasure Raiders", and "Witness to a Prosecution".

rights holder.

"Under the doctrine of issue preclusion, or collateral estoppel, once an issue is actually and necessarily determined by a court  of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party (or privy) to the prior litigation." 18 Moore's Federal Practice, § 132.01 [1] at 132-10 (Matthew Bender 3d ed.)

Issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding where "(1) the issue in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding; and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits". Greive v. Tamierin, 269 F.3d 149, 153 (2d Cir. 2001) quoting United States v. Hussein, 178 F.3d 123, 729 (2d Cir. 1999).

In the case at bar, all of these necessary elements are present in the contempt adjudication in the Prior Action.

First, the issues are identical since Hong Wei is being sued for its unauthorized distribution of the TVB Series.  The same behavior was the basis of the Prior Action.

Second, the issue regarding U2 Home's ownership of rights to the TVB Series was actually litigated and decided in the Prior

13

Action.  During the contempt trial, U2 Home put on witnesses and
proferred evidence to establish its ownership.  The Court held
that "[p]laintiff is the owner of exclusive rights with respect to
the Subject TVB Programs".  Hong Wei, 2005 WL 3766976 at *2.
Therefore, it is clear that U2 Home's ownership of rights to the
TVB Series was actually litigated and decided.

Third, Hong Wei had a full and fair opportunity to litigate
the issue of U2 Home's ownership of exclusive rights.  In the
Prior Action, defense counsel was provided the chain of title
documents and chose to stipulate to U2 Home's ownership.  During
the contempt hearing, Hong Wei's new counsel cross-examined Mr.
Huie on the issue of ownership and did not object to the admission
of the ownership documents into evidence.  The Court then accepted
such documents into evidence.  Thereafter, the Court held that U2
Home owned exclusive rights to the TVB Series.  Hong Wei, had a
full and fair opportunity to challenge U2 Home's ownership.

Fourth, the determination of U2 Home's ownership to the TVB
Series was necessary to support a valid judgment of contempt.

Further, there can be no doubt but that a determination of
contempt is a final judgment that results in preclusion.

Regarding this issue Moore's states, "...a judgment of
contempt is final and subject to appeal, and hence the
determination of issues necessary to such a judgment should be
afforded issue preclusive effects".  18 Moore's Federal Practice §

132.03 [4][D] [viii] at 132-126 (Matthew Bender 3d ed.).[6]

In United States v. Pennsylvania, 1994 WL 502352 (E.D. Pa. Sept. 12, 1994), plaintiff made a motion to apply the doctrine of issue preclusion to prevent defendant from relitigating findings of facts stemming from a previous contempt hearing and adjudication.  The Court held, "[a] judgment of contempt is a final, appealable order.  United States v. O'Rourke, 943 F.2d 180, 186 (2d Cir. 1991).  It satisfies, therefore, the requirement that a final judgment be had on the merits prior to the doctrine of issue preclusion being invoked." Id. at *2.

Therefore, the Court's determination in the Prior Action that U2 Home is the owner of exclusive rights to the TVB Series should have preclusive effects and bars Hong Wei from rechallenging U2 Home's ownership of rights.[7]


D.   HONG WEI HAS VIOLATED U2 HOME'S EXCLUSIVE RIGHTS UNDER COPYRIGHT.

To establish the second element of a copyright infringement claim, U2 must demonstrate that Hong Wei has violated one of its exclusive rights under 17 U.S.C. § 106. Hong Wei's infringement has been conclusively established through Mr. Ni's admissions and the rental records produced by Hong Wei.

---

[6] It should be noted that Hong Wei did appeal the final order of contempt to the Second Circuit.  However, such appeal was denied as untimely.

[7] Consistent with the position that U2 Home held exclusive rights, Hong Wei neither noticed nor conducted any depositions of U2 Home concerning plaintiff's ownership of rights.

As the exclusive rights holder, U2 Home has the right to reproduce the copyrighted TVB Series works pursuant to 17 U.S.C. 106(1) and distribute such copies pursuant to 17 U.S.C. 106 (3). Here, Mr. Ni has conceded to distributing unauthorized VCDs of the TVB Series.

1. U2 Home Purchases Of Unauthorized VCDs.

During the contempt hearing, Mr. Huie confirmed that the silver discs distributed by Hong Wei were illegally duplicated copies. Mr. Huie also confirmed that the newer TVB Series discs are not released in the VCD format, only in DVD. Mr. Ni even conceded that many of the discs purchased from his store were illegally duplicated.

Therefore, Hong Wei has infringed U2 Home's rights by distributing the illegal VCD copies to U2 Home's investigators prior to the filing of this action.

2. Hong Wei's Unauthorized Distribution Is Detailed By The Rental Cards.

During the contempt hearing, Mr. Ni testified that by reviewing Hong Wei's rental cards, it can be determined whether a TVB Series rental was of a DVD or a VCD. Mr. Ni testified that whenever a DVD is rented to a customer, a notion stating "DVD" is written in the column next to the rental. Mr. Ni further testified that if the entry does not state "DVD", the rental was of a VCD.

As Mr. Huie testified during the contempt hearing and

reaffirmed in his affidavit presented herewith, none of the Subject TVB Series Works that are the subject of U2 Home's claim for damages has been released in the VCD format.  Therefore, every rental of a VCD for the Subject TVB Series Works is the distribution of an illegally duplicated disc.

During the course of discovery, Hong Wei produced hundreds of rental cards similar to the ones produced at the contempt hearing. U2 Home's analysis of these rental cards can be found in the affidavit of Lynda Hung submitted herewith.

These rental cards enable U2 Home to track the title, episodes, date and member who rented each unauthorized VCD of the TVB Series.

Ms. Hung reviewed each of the rental cards and determined that during the relevant time period of this lawsuit, Hong Wei distributed 1,917 separate episodes of the TVB Series in the VCD format.  (See Hung Aff. ¶ 14 and Exhibit B.)

Therefore, Hong Wei's own rental records establish their distribution of illegally duplicated discs of the TVB Series.


3.  Hong Wei Should Be Precluded From Denying That It
    Infringed The TVB Series.

As discussed at point I(C)(4), the doctrine of issue preclusion should estoppe Hong Wei from denying that it infringed U2 Home's exclusive rights.

This Court, in the Prior Action, held that Hong Wei

distributed illegally duplicated VCDs of the TVB Series.  Hong Wei
should now be precluded from arguing that it did not do so.

     There is no genuine issue of material fact that the Subject
TVB Series Works are protected under the United States Copyright
Act; that U2 Home is the owner of exclusive distribution rights to
the Subject TVB Series Works, and that Hong Wei has infringed
plaintiff's rights by duplicating and distributing the Subject TVB
Series Works with permission.  Therefore, summary judgment is
appropriate.


II.  U2 HOME IS ENTITLED TO AN AWARD OF STATUTORY DAMAGES.

     Under the Copyright Act, a copyright plaintiff may elect
statutory damages per work infringed, instead of recovering
plaintiff's actual damages and defendant's profits. 17 U.S.C. §
504.  U2 Home elects statutory damages for each episode of the
Subject TVB Series Works infringed by Hong Wei.  Due to the large
number of Hong Wei's infringement, U2 Home only requests $750.00
per copyrighted work infringed.  This amount is both reasonable
and in line with legal precedent.

     A.   The Award of Statutory Damages Is Authorized By The
          Copyright Act.

     Section 504(a) of the Copyright Act states that "an infringer
of copyright is liable for either (1) the copyright owner's actual
damages and any additional profits of the infringer..., (2)
statutory damages as provided by subsection (c)." 17 U.S.C. §

                              18

504(a).

Section 504(c)(1) provides that:

> "the copyright owner may elect...to recover,
> instead of actual damages and profits, an
> award of statutory damages for all
> infringements involved in the action, with
> respect to any one work, for which any one
> infringer is liable individually, or for which
> any two or more infringers are liable jointly
> and severally, in a sum of not less tan $750
> or more than $30,000 as the court considers
> just."

In addition, where the court finds willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Court routinely award statutory damages when granting summary judgment for the plaintiff in copyright infringement actions. See Lai Ying, supra, awarding $150,000 per infringement on plaintiff's motion for summary judgment; and U2 Home Entertainment, Inc v. Rolling Rock Music Corp., 2005 WL 2414351 (S.D.N.Y. September 30, 2005), awarding $30,000 per infringement on plaintiff's motion for summary judgment.

B.  Plaintiff Elects To Recover Statutory Damages As
    Provided By The Copyright Act.

Under the Copyright Act § 504(c)(1), a copyright plaintiff may elect to recover statutory damages, instead of recovering plaintiff's actual damages and defendant's profits.[8]  The copyright

---

[8]  Under the Lanham Act, plaintiff also has the right to recover damages.  15 U.S.C. § 1117(a).

owner may elect to recover statutory damages, instead of actual
damages and defendant's profits, and may make such an election
regardless of the adequacy of the evidence offered as to his
actual damages and the amount of defendant's profits.  See,
Melville B. Nimmer and David M. Nimmer, 4 Nimmer on Copyright §
10.04[A], 14-446.64 (2003).

In order for a copyright owner to recover statutory damages
and attorney's fees the work must have been registered with the
United States Copyright Office or registration must have occurred
within three months after the first publication of the work in the
United States.  17 U.S.C. § 412(2).

U2 Home does not request damages for all of the TVB Series
works that appear on the rental cards.  (A list of all works
infringed by Hong Wei is attached to Ms. Hung's affidavit at
Exhibit B.)  As provided by the Copyright Act, U2 Home only
requests statutory damages for works that were registered prior to
the issuance of the permanent injunction at the conclusion of the
Prior Action or were registered thereafter within three months of
initial publication as provided by 17 U.S.C. § 412(2).

At the time of the issuance of the permanent injunction in
the Prior Action, 83 separate registrations were registered at the
Copyright Office.  Of the remaining works, 9 registrations were
registered within three months of first publication.[9]  Attached to

---

[9]  These works include: "Lady Fan [Eps. 1-20]", "To Catch the Uncatchable [1-20]", "To Catch the Uncatchable [21-

the affidavit of Mr. Huie as Exhibit D is a list of all titles for which U2 Home requests statutory damages and the basis for the request for each title.

The list of works attached as Exhibit D to Mr. Huie indicates that U2 Home requests statutory damages for 1,381 separate episodes of the Subject TVB Series Works.  All of the Subject TVB Series Works are registered with the Copyright Office.  (The certificates of registration are attached to the affidavit of Mr. Huie as Exhibit E.)

Therefore, U2 Home requests an award of statutory damages of $750 for each of 1,381 copyrighted works for a total award of $1,035,750.  For the remaining works that were not registered within three months of initial publication, U2 Home does not request damages.

    C.    Plaintiff Is Entitled To An Award Of Statutory Damages For Each Episode Infringed.

A statutory damage award for each TVB Series episode infringed is appropriate in this action.

Courts in this jurisdiction award statutory damages pursuant to § 504(c) for each separate work infringed.  See, Knitwaves, Inc. v. Lollytogs, Inc., 71 F.3d 996, 1010 (2d Cir. 1995) (awarding statutory damages of $25,000 for each sweater design infringed) and Basic Books, Inc., v. Kinko's Graphics Corp., 758

---

25]", "Twin of Brothers [1-20]", "Twin of Brothers [21-40]", "Twin of Brothers [41-42]", "Point of No Return [Eps. 21-30]", "Conqueror's Story, The [Eps. 21-30]" and "Triumph In The Skies [Eps. 21-40]".

F.Supp. 1522, 1542 (S.D.N.Y. 1991).

Unauthorized copies of separate television episodes were infringed by Hong Wei. TVB Series programs works are akin to American soap operas, containing episodes of an ongoing television series. A statutory damage award for each episode of a television series infringed is appropriate. *See*, Twin Peaks Productions, Inc. v. Publications International, Ltd. , 996 F.2d 1366 (2d Cir. 1993); Stigwood Group Ltd. v. O'Reilly, 530 F.2d 1096 (2d Cir. 1976) *cert. denied* 429 U.S. 848 (1976); Antenna Television v. Aegean Video Inc., 1996 WL 298252 (E.D.N.Y. 1996); Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997), *aff'd* 259 F.3d 766 (11th Cir. 1996).

Further, an award of damages for each episode of a series infringed is appropriate even if multiple episodes are a part of one copyright registration. In Gamma Audio and Video, Inc. v. Ean-Chea, 11 F.3d 1106 (1st Cir. 1993), plaintiff sought separate awards of statutory damages for copyright infringement for each of four episodes of a television series; all episodes were registered on a single copyright registration form. The court held that the infringement involved four separately produced television episodes and statutory damages for each separate episode were appropriate, even though the episodes were registered together.

This Circuit has recently decided numerous cases in which U2 Home was awarded per episode damages for infringement of the TVB

Series.

First, in U2 Home Entertainment, Inc. v. Fu Shun Wang, et al., 482 F. Supp. 2d 314 (E.D.N.Y. 2007), U2 Home was permitted to recover statutory damages for multiple episodes of the TVB Series on a single copyright registration.

Second, in U2 Home Entertainment, Inc. v. China Video, Inc., 2006 U.S. Dist. LEXIS 2788 (S.D.N.Y. January 23, 2006) (Report and Recommendation) the Court awarded damages for the TVB Series on a per episode basis and stated:

> "Although the holding in Gamma is not binding in this circuit, the Court finds Gamma persuasive and applicable to the facts of the instant action because the plaintiff's copyright-protected television programs, which are akin t American soap operas, implicate hundreds of unique episodes, which appear in a series format, as was the case in both Twin Peaks and Gamma. Therefore, the Court finds that, in the case at bar, each episode should be deemed a protected work and, furthermore, in the circumstance of this case, the 171 protected works, proposed by the plaintiff for use by the court in calculating the amount of statutory damage to award, is an appropriate number of protected works upon which to calculate the amount of statutory damages due to the plaintiff from China Video." Id. at * 10-11.

Third, in U2 Home Entertainment, Inc. v. John Does I through v., d/b/a "Go Go Mall", 2005 WL 3018702 (E.D.N.Y. Sept. 13, 2005) (Report and Recommendation) U2 Home sought damages for each episode of the TVB Series infringed. The Court stated that "the Second Circuit has not rejected this expansion of Twin Peaks Prod.

and this Court finds the application of Gamma Audio and Video to the facts in the present case to be both persuasive and appropriate." Id. at *11.  The Court awarded damages of $750 for each episode of the TVB Series infringed stating "[n]ot withstanding that certain episodes are part of one copyright registration, statutory damages may be awarded for each individual episode." Id. at *3.  See also, U2 Home Entertainment, Inc. v. Mabel Lo d/b/a P-Ling, 02-Civ-5829 (JGK)(HBP) (S.D.N.Y. 2002); and U2 Home Entertainment Inc. v. Music Depot Inc. et al. 06-Civ-5241 (BSJ)(GWG) (S.D.N.Y. 2006). (Copies of the Report and Recommendation for these cases are available upon request.)

Therefore, an award of statutory damages per episode infringed is appropriate.  U2 Home is requesting statutory damages for the 1,381 separate works infringed.


D.   Hong Wei Willfully Infringed U2 Home's Copyrights.

In this case, the undisputed evidence supports a finding that Hong Wei infringement has been willful.  Willful infringement occurs when the defendant has acted with "actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright."  Twin Peaks Productions, Inc. v. Publications Intern. Ltd., 996 F.2d 1366, 1382 (2d Cir. 1993). The defendant's knowledge need not be proven directly, but may be inferred from the defendant's conduct.  Fitzgerald Publishing Co.

v. Baylor Publishing, Co., 807 F.2d 1110, 1115 (2d Cir. 1986)
("knowledge that its actions constitute infringements either
actual or constructive" constitutes willfulness).  If willfulness
is evidenced, the Court may increase its award of statutory
damages up to $150,000 per work.

Hong Wei clearly was willfully distributing unauthorized
copies of the TVB Series.

First, Hong Wei was previously sued in the Prior Action for
selling unauthorized copies of the TVB Series which case was
settled after a bench trial.

Second, in the Prior Action, Hong Wei signed a settlement
agreement and agreed to the entry of the Permanent Injunction
which specifically forbids Hong Wei from importing, duplicating
and distributing unauthorized copies and in all other ways forbids
Hong Wei from infringing U2 Home's rights.

Third, willfulness is exhibited by the repeated sales of
titles that have previously been seized from Hong Wei.  As part of
the Prior Action, numerous works were seized and Hong Wei
stipulated to U2 Home's ownership of rights to these titles.
Despite this, Hong Wei continued to distribute unauthorized copies
of these works as evidence by the rental cards.[10]  There can be no
doubt Hong Wei knew U2 Home owned rights to these titles.

---

[10]  These titles include: "A Step Into the Past", "At the Threshold of an Era", "Doomed to Oblivion", "Duke of Mount Deere", "Love is Beautiful", "One the Track of Off", "Seven Sisters", "Treasure Raiders", and "Witness to a Prosecution".

Fourth, Hong Wei knew that the TVB Series were not produced in the VCD format because it received legitimate versions of the DVDs pursuant to a licensing agreement with U2 Home.

Fifth, as provided by the Sublicensing Agreement, if Hong Wei required more discs, they could have easily been purchased from U2 Home.

Sixth, plaintiff sent to Hong Wei a cease and desist letter warning them to stop their infringement.  During the contempt hearing it was established that Mr. Ni received and reviewed this letter.

Seventh, the VCDs were on plain silver discs and lacked the markings and copyright notices of U2 Home.  During the contempt trial, Mr. Ni confirmed that many of the VCD copies distributed by his store were illegal duplicates.

Eighth, Mr. Ni is the president of the U.S. Chinese Video Association, elected to this position by other video retail store owners.  This organization hires attorneys to educate member stores to follow the copyright laws of the United States. Therefore, Mr. Ni clearly knows he was breaking copyright laws when distributing the unauthorized discs.

Ninth, Mr. Ni is the sole shareholder of another company, TYT East Corp., that has instituted at least two copyright infringement actions against other retail stores for similar conduct that Hong Wei has committed in this action.  Clearly, Mr.

Ni is aware of the copyright laws.

Due to these factors, there can be no doubt but that Hong Wei either knew their conduct was wrong and willfully decided to continue to distribute unauthorized copies of TVB Series; or committed these acts in willful disregard of U2 Home's rights. Despite this strong evidence of willfulness, U2 Home only requests the statutory minimum of $750 per work as provided by the Copyright Act, in light of the number of works infringed.

    E.    The District Court Is Afforded "Broad Discretion" In Determining The Amount of Statutory Damages.

The District Court is afforded broad discretion in determining the amount of statutory damages. Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1116 (2d Cir. 1986); Getaped.com, Inc. v. Cangemi, 188 F.Supp.2d 398,403 (S.D.N.Y. 2002); Stevens v. Aeonian Press, Inc., 64 USPQ 2d 1920, 1921, 2002 WL 31387224 (S.D.N.Y. Oct. 23, 2002); ("it is well established that district courts have broad discretion"). On this topic, Nimmer states "As long as the district court acts within the prescribed statutory limits, its discretion will probably be upheld on appeal." Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 14.04[B][1][a] at 14-70.

Furthermore, "the statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but is also designed to discourage wrongful

conduct." F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952).

In this case, an exercise of discretion to award above the statutory is not requested, since U2 Home only seeks statutory damages of $750 for each work infringed.  See, for example, Stevens v. Aeonian Press, Inc., 64 U.S.P.Q. 2d 1920, 2002 WL 31387224 (S.D.N.Y. Oct. 23, 2002), where the Court awarded $30,000 for each of 16 works infringed or $480,000.  *See also*, U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc. and Wei Ping Yuan, 2005 U.S. Dist. LEXIS 9853 (S.D.N.Y. May 25, 2005) *aff'd in relevant part* 2007 U.S. App. LEXIS 8650 (April 9, 2007) (awarding $150,000 for each motion picture infringed); Knitwaves, Inc. v. Lollytogs, Inc., 71 F.3d 996, 1010 (2d Cir. 1995) (awarding statutory damages in a case of willful infringement for $50,000); Twin Peaks Productions, Inc. v. Publications Intern. Ltd., 996 F.2d 1366, 1380 – 1381 (2d Cir. 1993) (awarding statutory damages of $15,000 for each episode of a television series infringed); Odegard, Inc. v. Costikyan Classic Carpets, 963 F.Supp. 1328, 1342 (S.D.N.Y. 1997) (Where statutory damages of $25,000 for one willful infringement were awarded at a time when the maximum damages for a nonwillful infringement was $20,000, and there was no showing that plaintiffs had lost profits or the defendants had benefited financially from the infringement); Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc., 602 F.Supp. 151

(S.D.N.Y. 1984) (assessing $50,000 per work when maximum statutory was $50,000); Lauratex Textile Corp. v. Alton Knitting Mills, Inc., 519 F.Supp. 730, 733, (S.D.N.Y. 1981) (assessing $50,000 per work when maximum statutory was $50,000; and Warner Bros. Ent. v. Caridi, 346 F.Supp.2d 1068 (C.D.Cal. 2004) (award of $150,000 per work infringed on default judgment.)

Although the undisputed facts support an exercise of discretion above the statutory minimum of $750, U2 Home only seeks minimum statutory damages in light of the number of works infringed.

III. THIS COURT SHOULD AWARD PLAINTIFFS ITS FULL COSTS INCLUDING REASONABLE ATTORNEYS' FEES.

     A. The Award Of Costs Including Reasonable Attorneys' Fees Is In The Court's Discretion.

The prevailing party in a copyright action is permitted to recover its full costs including reasonable attorneys' fees under the Copyright Act pursuant to the Courts' discretion.

The Copyright Act, 17 U.S.C. § 505 provides as follows:

> "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also ward a reasonable attorney's fee to the prevailing party as part of the costs."

"There is no precise rule or formula for making [attorneys'

fees] determinations, but instead equitable discretion should be exercised." Matthew Bender & Comp., Inc. v. West Publishing Co., 240 F.3d 116, 121 (2d Cir. 2001) *citing* Fogerty v. Fantasy, 510 U.S. 517, 534 (1994).

> B. The Facts Of This Case Support An Award Of Plaintiff's Costs.

The facts of this case warrant that U2 Home should be awarded their costs including reasonable attorneys' fees.

In Fogerty v. Fantasy, 510 U.S. 517 (1994), the Supreme Court highlighted a list of non-exhaustive factors to guide the district court's exercise of discretion in awarding fees including: "frivolousness, motivation, objective unreasonableness (both in the factual and in the illegal components of the case) and the need in particular circumstances to advance considerations of compensation and deference." Id. at 535 fn 19 [internal citations omitted].

It is clear that these factors weigh heavily in U2 Home's favor. Hong Wei has acted objectively unreasonably throughout this case as displayed by their willful copyright infringement. These factors and others are discussed in detail below.

> 1. Hong Wei's Conduct During This Action Was "Objectively Unreasonable" and In Bad Faith.

Hong Wei acted objectively unreasonable in defending this

action.  The Second Circuit has held that of these factors,
"objective unreasonableness" should be afforded "substantial
weight".  Earth Flag Ltd. v. Alamo Flag Comp., 154 F.Supp.2d 663,
666 (S.D.N.Y. 2001) *citing* Matthew Bender & Comp. Inc. v. West
Pub. Co., 240 F.3d 116, 120-121 (2d Cir. 2001).

Hong Wei objectively unreasonable conduct was demonstrated by
the following:

First, Hong Wei has no reasonable defense to the allegation
of copyright infringement as asserted in the complaint.  Hong Wei
has conceded that U2 Home is the owner of exclusive rights to the
TVB Series and that it has sold unauthorized VCDs of the TVB
Series.  Therefore, Hong Wei has conceded the elements of
copyright infringement.

Second, Hong Wei has imposed a frivolous counterclaim that
has no factual or legal basis.  (This is further discussed in
point IV below.)

Third, despite the Prior Action, the permanent injunction and
a cease and desist letter Hong Wei continued to infringe the TVB
Series.  This willful disregard of this Court's orders and the
copyright laws is objectively unreasonable conduct.

In sum, defendants have acted "objectively unreasonably" by
their willful infringement dictates that U2 Home should be awarded
its full costs including reasonable attorneys' fees.

2.    U2 Home Should Be Awarded Its Full Costs To Advance The
      Considerations Of Compensation And Deterrence.

Mr. Ni during the contempt trial in the Prior Action
displayed little remorse for his actions and believed that his
illegal duplication should go unpunished.  Unless Mr. Ni is
sufficiently deterred from such conduct, he may resume infringing
U2 Home's copyrights in the future.

Piracy is still a widespread problem in the Chinese movie
industry because pirates, like Mr. Ni, have become very wealthy
from their illegal conduct.  In order to deter Mr. Ni and other
pirates, this Court should grant U2 Home their full costs.


3.    Mr. Ni Has The Ability To Pay The Damages Award.

Mr. Ni is a very wealthy man as a result of the sale of
unauthorized discs of the TVB Series and he has the ability to pay
U2 Home's costs.

"In awarding fees, the Court also must consider Defendants'
ability to pay the award."  Stevens v. Aeonian Press, Inc., 2002
U.S. Dist. LEXIS 20189, *15 (S.D.N.Y. October 23, 2002).  In
Stevens, the Court found that since defendants had "sufficient
resources to pay a substantial award", the Court acted within its
discretion to award plaintiff approximately $287,000 in attorneys'
fees.

Here, the Court should act accordingly and award U2 Home its
costs.  It is clear that Mr. Ni has more than sufficient resources

to pay for more than the jury verdict.  As he testified during the
contempt, Mr. Ni was the owner of several stores and he is also
the distributors of certain motion pictures.  During the years of
his unauthorized activity, Mr. Ni became a very wealthy man.

Therefore, because Mr. Ni has the ability to pay for an award
of costs including reasonable attorneys' fees, such costs should
be awarded.

IV.  HONG WEI'S COUNTERCLAIM SHOULD BE DISMISSED FOR FAILURE TO
     STATE A CLAIM.

Hong Wei has crafted a counterclaim that alleges that Hong
Wei has been damaged because during the negotiation of the TVB
Sublicense Agreement, U2 Home committed unfair business practices
because U2 Home represented itself the same as Tai Seng.  Such a
claim has no legal or factual basis and should be dismissed.

Hong Wei asserts a counterclaim based upon NY GBL § 349 and
alleges that it has been damaged because during the course of
negotiating the TVB Sublicense "Hong Wei believed that Tai Seng
and Plaintiff were the same as each other and therefore agreed to
pay a higher amount".  Hong Wei's Amended Answer & ¶62.  Id. at ¶¶
59 and 62.  Hong Wei states that "Plaintiff represented that Tai
Seng was a division of plaintiff and that Tai Seng was in fact the
same as plaintiff".  Id. at ¶59.

Hong Wei cannot show any material facts that demonstrate that
it has been damaged by such an alleged representation.

U2 Home concedes that Tai Seng is a "doing business as" name of "U2 Home" but not a division at U2 Home.  Tai Seng Entertainment formerly Tai Seng Video Marketing are registered fictitious "doing business as" names in the State of California. Hong Wei has always known this.  See Prior Action Complaint and Complaint in this action ¶2.

Hong Wei has failed to show how it has been damaged by such an alleged false representation.  During discovery, U2 Home propounded document requests and interrogatories seeking information concerning Hong Wei's alleged damage but Hong Wei failed to produce any documents that evidence such damages.

Further, "[t]o constitute a violation of this statute (NY GBL § 349), the deceptive acts or practices must be of a reoccurring nature and harmful to the public at large."  United Knitwear Co., Inc. v. North Sea Lens. Comp., 203 A.D. 2d. 358, 359 (2d Dept. 1994).  Here, there are no acts alleged in the counterclaim that are harmful to the public at large.

Further, NY GBL is not a appropriate remedy to regulate private disputes.  "Since the complaint essentially alleges a private contract dispute... rather than conduct which affects the consuming public at large, the complaint fails to allege a cause of action pursuant to General Business Law § 349."  Pellechia & Pelliachia, Inc. v. American Natural Fire Ins. Comp., 249 A.D. 2d. 395, 396 (2d. Dept. 1997).

Here, Hong Wei alleges that it was deceived during a contract negotiation and that as a result "defendant Hong Wei was injured". Since, this appears to be a contract dispute between two parties, N.Y.GBL § 349 is not applicable.

However, Hong Wei has always known that Tai Seng was a doing business as name of U2 Home.  In any event, Hong Wei has failed to demonstrate how it could be damaged by such a representation. There are no set of facts that could be alleged to support Hong Wei's claim, therefore summary judgment dismissing these claims are appropriate.

### CONCLUSION

For the foregoing reasons, U2 Home respectfully requests the Court grant its motion for summary judgment based upon plaintiff's claims and the Court: grant the following: (a) statutory damages provide by Section 504 of the Copyright Act in the amount of $750 for each 1,381 works infringed for a total reward of $1,035,750; and (b) attorneys' fees and costs, pursuant to Section 505 of the Copyright Act; (c) that Hong Wei's counterclaims be dismissed.

Dated: Dec. 17 , 2007

SARGOY, STEIN, ROSEN & SHAPIRO

By: _____
Harvey Shapiro, Esq.
1790 Broadway, 14th Floor
New York, New York 10019
ATTORNEYS FOR PLAINTIFF
(212) 621-8224