```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x  04-CIV-6189(JFK)(FM)
U2 HOME ENTERTAINMENT, INC.,              :
                                          :
            Plaintiff,                    :
                                          :
       vs.                                :
                                          :
HONG WEI INTERNATIONAL TRADING INC.       :
and JIXONG NI,                            :
                                          :
            Defendants.                   :
- - - - - - - - - - - - - - - - - - - - -x
```

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION**..................................................1

**ARGUMENT**......................................................2

I.   HONG WEI HAS NO VIABLE DEFENSE TO THE CLAIMS OF
     COPYRIGHT INFRINGEMENT......................................2

     A.   U2 Home Is Permitted To Sue Its Licensee For
          Copyright Infringement For Exceeding The Scope
          Of Its License…........................................3

     B.   U2 Home Never Provided VCD Versions Of The Subject
          TVB Series Works To Hong Wei...........................4

     C.   Hong Wei Did Not Have An Implicit License To Rent
          The TVB Series In VCD Format...........................5

     D.   The Settlement Agreement Did Not Waive Copyright
          Infringement Claims To Certain TVB Series Titles.......7

     E.   Statutory Damages Should Be Awarded For
          Infringements That Resumed Following Registration......8

II.  U2 HOME IS ENTITLED TO A "PER EPISODE" AWARD OF
     STATUTORY DAMAGES..........................................10

III. U2 HOME HAS AMENDED ITS DAMAGES CLAIM TO
     $927,000.00................................................12

**CONCLUSION**...................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page**

Ariel (UK) Ltd. v. Reuters Group PLC, 2006 WL 3161467
(S.D.N.Y. Oct. 31, 2006)...............................................3

Feist Publishing, Inc. v. Rural Telephone Service Co.,
499 U.S. 340, 111 S.Ct. 1282 (1991)....................................1

Gamma Audio and Video, Inc. v. Ean-Chea, 11 F.3d 1106
(1st Cir. 1993).......................................................11

Troll Company v. Uneeda Doll Comp., 483 F.3d 150 (2d Cir.
2007)...............................................................9,10

Twin Peaks Productions, Inc. v. Publications International,
Ltd., 996 F.2d 1366 (2d Cir. 1993)....................................11

U2 Home Entertainment, Inc. v. Hong Wei International
Trading, Inc., 2005 WL 3766976 (S.D.N.Y. May 3, 2005)..................7

Ulloa v. Universal Music & Video Distribution Corp., 303
F.Supp.2d 409 (S.D.N.Y. 2004)..........................................6

UMG Recordings Inc. v. MP3.Com, Inc., 109 F.Supp.2d 233
(S.D.N.Y. 2000)......................................................11


**Statutes**

17 U.S.C. § 106........................................................1

17 U.S.C. § 412........................................................8

17 U.S.C. § 505.......................................................13

**INTRODUCTION**

This Reply Memorandum of Law is submitted by U2 Home Entertainment, Inc. ("U2 Home") in further support of its motion for summary judgment against Hong Wei International Trading Inc. and Jixong Ni. (Hereinafter collectively referred to as "Hong Wei".)

To succeed on its copyright infringement claim, U2 Home need only establish (1) ownership of a valid copyright; and (2) defendants violated on of the exclusive rights granted plaintiff in 17 U.S.C. § 106 by copying or distributing plaintiff's copyrighted motion pictures without authorization. *See*, Feist Publishing, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 111 S.Ct. 1282 (1991).

Here, Hong Wei has conceded these two elements of copyright infringement. With respect to copyright ownership, Hong Wei only disputes plaintiff's ownership of certain rights to fifteen (15) of ninety-two (92) registrations identified in plaintiff's motion. Therefore, U2 Home's ownership of seventy-seven (77) registrations is not in dispute.

First, Hong Wei does not dispute that: (1) Hong Wei stipulated that U2 Home owns the rights to certain TVB Series Works in the Prior Action, which ownership documents are the same in this case; (2) that during the contempt hearing in the Prior Action, Hong Wei did not object to plaintiff's ownership documents being admitted into evidence; (3) that U2 Home has produced copyright registrations for each of the Subject TVB Series Works, which are *prima facie* evidence of plaintiff's rights to these works; and (4) in the Prior Action, this Court held that plaintiff

1

is the owner of exclusive rights to the TVB Series.[1]

Second, Hong Wei concedes that its rental records evidence distribution of video compact disc ("VCD") versions of the TVB Series. (See Defendants' Response to Plaintiff's Local Rule 56.1 Statement of Uncontroverted Facts ¶30.) As discussed in U2 Home's motion, the Subject TVB Series Works herein have never been released in the VCD format, therefore each distribution is an infringement of U2 Home's rights. Based upon these rental records, Hong Wei disputes its infringement relating to twenty-two (22) of the ninety-two (92) registrations. For the remaining seventy (70) registrations, Hong Wei does not dispute its infringement of U2 Home's rights.

Hong Wei, having conceded U2 Home's ownership of seventy-eight (78) registrations and its distribution of VCDs of seventy (70) of these registrations, vainly asserts arguments and defenses which have already been rejected by this Court in the Contempt proceeding and/or are without merit as a matter of law.

The law of this case as determined in the contempt adjudication discounts all of Hong Wei's defenses. Therefore, summary judgment should be granted for those works and infringements which are not in dispute.

**ARGUMENT**

I.  HONG WEI HAS NO VIABLE DEFENSE TO THE CLAIMS OF COPYRIGHT INFRINGEMENT.

Hong Wei desperately asserts previously rejected defenses to justify its infringement. However, such defenses have no factual or

---

[1] Hong Wei only claims that U2 Home has failed to establish chain of title rights for "(i) The Foundation 1-2, (ii) The Greed of Man 1-27, (iii) I Do I Do, (iv) The Under-Cover Story 1-20". (Hong Wei's Brief at 19.) Other than these titles, Hong Wei does not dispute that U2 Home has presented an unbroken chain of title with respect to the TVB Series.

2

legal support.

    A.    U2 Home Is Permitted To Sue Its Licensee For Copyright Infringement For Exceeding The Scope Of Its License.

Hong Wei argues that because it had a sublicense to distribute the TVB Series, U2 Home has waived its right to sue Hong Wei for infringement. This defense is without legal basis; it is undisputed that the terms of this sublicense do not permit Hong Wei's distribution of unauthorized VCDs.[2]

Contrary to Mr. Ni's unsupported allegations, Hong Wei was only provided TVB Series DVDs pursuant to the 2003 TVB Sublicense that was a part of the settlement of the Prior Action.

Certain limitations to the TVB Sublicense are detailed at Section 5.01 of the Sublicensing Agreement and include, *inter alia*: sublicense shall not copy or permit copying of the TVB Series; and shall only distribute copies acquired from Tai Seng. (See, Shapiro Aff. at Exh. C, Plaintiff 0215). Pursuant to the TVB Sublicense, Hong Wei was only provided DVDs of the TVB Series but was permitted to obtain more from U2 Home to distribute to its customers by rental only. Hong Wei has presented no evidence that it acquired VCDs of the Subject TVB Series Works from U2 Home.

Hong Wei's cite to <u>Ariel (UK) Ltd. v. Reuters Group PLC</u>, 2006 WL 3161467 (S.D.N.Y. Oct. 31, 2006) is inapposite. That case only held that a copyright owner cannot sue a licensee for activities within the scope of the license.

---

[2] Despite Hong Wei's unsubstantiated assertion, there is no 1998 sublicense relating to the TVB Series. The only sublicense is the TVB Sublicense which was entered into in 2003. Although Hong Wei tries to confuse the Court, this does not create a disputed issue of fact.

3

Therefore, since the 2003 license only permitted the distribution of DVDs acquired from U2 Home, Hong Wei committed copyright infringement by their unauthorized distribution of counterfeit VCDs.

B.  U2 Home Never Provided VCD Versions Of The Subject TVB Series Works To Hong Wei.

Again, Hong Wei persists in its rejected argument and claims that it was authorized to distribute VCDs of the TVB Series for certain titles. (See Schedule A and B, Hong Wei Brief at 5 and 8.) However, Hong Wei has presented no evidence that VCDs of the Subject TVB Series Works were supplied to Hong Wei.

The licensing agreement, the Permanent Injunction, the cease and desist letter and this Court's adjudication of contempt all verify that the recent TVB Series are not distributed by U2 Home in VCD format and Hong Wei was not authorized to distribute them. This is discussed in detail in plaintiff's motion.

Still, Hong Wei insists otherwise and now unbelievably claims that in the sublicense agreement, "Hong Wei was required to distribute its rentals in VCD format". (Hong Wei's Brief at 7.) However, despite this unbelievable claim, paragraph 3 of the TVB Sublicense is clear, Hong Wei was only provided with DVD versions of the TVB Series, not VCDs. (See Shapiro Aff. Exh. C.) Further, paragraph 7 says there is not a minimum VCD order because there were no legitimate VCD versions of the recent TVB Series. In its adjudication of contempt, this Court held that this TVB Sublicense did not permit Hong Wei to distribute VCDs. This is the law of the case.

In support of this argument, Hong Wei identifies only one title,

4

claiming that a May 2002 invoice reflecting the sale of "The Undercover" in VCD format is a Subject TVB Series Work called "The Under-Cover Story [Eps. 1-20]"[3]. (See, Hong Wei's Brief at 4.) However, these are two different titles. "The Undercover" (1992) is a full length movie, not an episodic series, that was distributed on VCD. "The Under-Cover Story [Eps. 1-20]" (1989) is a TVB Series work that has not been distributed on VCD. These are two separate works (See Supplemental Huie Affirmation submitted herewith). Hong Wei seeks to confuse the Court by claiming that the, distribution of a, motion picture, produced in 1992 constitutes evidence that episodes of recent television series were also distributed in VCD.[4]

U2 Home has not distributed nor authorized the distribution of the Subject TVB Series Works on VCDs at any time. Therefore, the titles listed in Hong Wei's Schedule A and B should not be removed from the Subject TVB Series Works.

    C.    Hong Wei Did Not Have An Implicit License To Rent The TVB Series In VCD Format.

Hong Wei unreasonably argues that it had an implied license to distribute VCD copies. Such a defense is not supported by any facts and was already rejected by this Court during the contempt proceeding.

Mr. Ni again claims that Cindy Ng, a representative of U2 Home, authorized VCD distribution. However, Mr. Ni is unable to point to specific authorization that would substantially modify the terms of the

---

[3] In this case, both parties have produced hundreds of invoices of the TVB Series, of these hundreds of invoices, Hong Wei only points to one title that it claims was distributed by U2 Home to Hong Wei in the VCD format.
[4] It should be noted that U2 Home has waived its request for damages related to this title. See Shapiro Supplemental Affirmation ¶ 7.B.

Permanent Injunction and the TVB Sublicense.

About these conversations, Mr. Ni states "[i]n response to my requests, Cindy told me that Hong Wei could solve the program (sic) itself, which I understood as a permission to acquire programs in VCD format...". (Ni Affidavit ¶26.)

Regarding these exchanges, Ms. Ng testified as follows:

> "Q. In the course of the TVB sublicense negotiations with Mr. Ni, did Mr. Ni ask if he could get VCD copies of the new TVB programs?
> A. Yes.
> Q. And what did you say to him in response to his question?
> A. Because our company only issues DVDs, that's all we could - we could only provide him with DVDs
> Q. Did the agreement also state that only DVD copies would be provided under the agreement to Mr. Ni?
> A. Yes."

(Contempt Trans. at 180 - 181.)

"The Second Circuit has cautioned that an implied license will be found only in narrow circumstances where one party created a work at the others request and handed it over, intending that the other copy and distribute it." Ulloa v. Universal Music & Video Distribution Corp., 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) [internal citations omitted]. Further, "[d]efendants bear the burden of proving the existence of a license. In order to establish an implied license, as for an implied contract, they must prove that there was a meeting of the minds". Id.

As previously detailed by Mr. Huie at the contempt hearing and in his affidavit in support of this motion, no store has ever been authorized to create or distribute VCD versions of the recent TVB

6

Series. The TVB Series is U2 Home's most valuable asset and U2 Home would never grant permission to anyone to make or distribute interior quality VCDs of the works. Mr. Ni's alleged permission is contradicted by all the evidence of this case.

As this Court held in the contempt adjudication "[t]he Court therefore rejects Mr. Ni's contention that plaintiff authorized him to sell the VCDs" and "Hong Wei could not rent or sell these VCDs without infringing plaintiff's copyright and violating the injunction". U2 Home Entertainment, Inc. v. Hong Wei International Trading, Inc., 2005 WL 3766976, *4 (S.D.N.Y. May 3, 2005).

This holding is the law of this case and should not be disturbed.

D.  The Settlement Agreement Did Not Waive Copyright Infringement Claims To Certain TVB Series Titles.

Hong Wei unbelievably claims that it cannot infringe certain titles (see Schedule C, Hong Wei Brief at 14) that were rented previous to the Settlement Agreement in the Prior Action because U2 Home released and waived such claims. By this reasoning, Hong Wei would be free to infringe plaintiff's copyrights in perpetuity to these titles. This reasoning has no factual or legal basis.

Hong Wei claims that titles rented prior to the November 14, 2004 settlement agreement cannot be infringed because such claims were released by paragraph 7 of the Settlement Agreement. At page 13 of its brief, Hong Wei highlights this language, which clearly recites that the settlement release related to claims that occurred, "prior to the date of this Agreement". Therefore, by this settlement, the parties waived all claims relating to infringement of the titles that occurred prior to

7

the Settlement Agreement. Claims for future infringements were never waived.

By its motion for summary judgment, U2 Home has requested statutory damages only infringements that occurred after to December 31, 2004, the date of the Permanent Injunction.

To ensure that future infringement of any of the TVB Series did not occur the parties entered into the Permanent Injunction. If U2 Home had waived its claims associated with these titles, there would be no need for a Permanent Injunction.

It is clear by the terms of the agreement, that the parties settled past infringements but did not waive claims for future infringement. Therefore, the titles listed in Hong Wei Schedule C should not be removed from the Subject TVB Series Works.

    E.   Statutory Damages Should Awarded for Infringements That Resumed Following Registration.

Hong Wei contends that for certain titles that were infringed before the signing of the Settlement Agreement in the Prior Action and prior to registration, U2 Home should not be permitted to recover statutory damages. By this reasoning, Hong Wei would accrue a benefit for its prior infringement. However, the signing of the Settlement Agreement and Permanent Injunction and Hong Wei's conduct ended the series of infringement. Therefore, U2 Home should be awarded statutory damages for these works.

Under 17 U.S.C. § 412, a plaintiff may not recover statutory damages for infringements that occurred prior to registration or thereafter registered but not within three months after first

publication.

As recently discussed by the Second Circuit in <u>Troll Company v. Uneeda Doll Comp.</u>, 483 F.3d 150, 158-159 (2d Cir. 2007), the right to recover statutory damages is permitted if the defendant ceases infringement and resumes infringement of a work after registration. The Court looked at the "ongoing series of infringing acts" and stated "...a post-registration act of infringement will not be deemed to have commenced before registration if the infringing activity ceased for an appreciable period of time."

Here, we have a similar situation. For certain titles called "Schedule D" in Hong's Brief, Hong Wei states that the first infringement occurred prior to registration. For these titles, Hong Wei infringed plaintiff's rights prior to registration, and the dates of registration were all prior to the Settlement Agreement in the Prior Action. For these titles Hong Wei infringed plaintiff's rights; discontinued the infringing activity prior to registration; but resumed infringing after the Settlement Agreement was signed and the Permanent Injunction was entered by the Court. For all of the works identified by Hong Wei, the timeline is as follows:

| TVB Title | Eps. | Hong Wei Rental Date (Per Hong Wei's Schedule D)[5] | Registration Date | Date of Subsequent Infringement After the Settlement Agreement (Per Hung Exhibit B) | Days Between Infringement and Subsequent Infringement |
|---|---|---|---|---|---|
| Armed Reaction IV | 1-20 | 11/03/03 | 12/24/03 | 01/01/04 | 8 |
| Armed Reaction IV | 21-40 | 11/04/03 | 12/24/03 | 01/28/04 | 35 |
| Back to Square One | 1-20 | 04/21/03 | 07/07/03 | 01/20/04 | 197 |
| Fate Twisters | 1-22 | 03/01/03 | 04/29/03 | 03/07/04 | 313 |
| Find the Light | 1-20 | 11/25/03 | 12/24/03 | 01/08/04 | 15 |
| Golden Faith | 1-20 | 01/04/03 | 01/16/03 | 01/21/04 | 370 |
| Golden Faith | 21-40 | 01/04/03 | 01/16/03 | 01/21/04 | 370 |
| Greed Mask | 1-20 | 07/30/03 | 08/25/03 | 01/11/04 | 139 |
| In the Realm of | 1-20 | 03/18/03 | 04/29/03 | 04/19/04 | 356 |

| Fancy | | | | | |
|---|---|---|---|---|---|
| Legend of Love, The | 1-20 | 01/15/03 | 12/24/03 | 01/15/04 | 22 |
| Lofty Water Verdant Bow | 1-20 | 03/26/03 | 04/29/03 | 05/28/04 | 395 |
| Not Just a Pretty Face | 1-20 | 10/23/03 | 11/26/03 | 01/25/04 | 60 |
| Seed of Hope | 1-20 | 12/21/03 | 12/22/03 | 02/09/04 | 49 |
| Square Pegs | 1-20 | 03/21/03 | 04/29/03 | 04/14/05 | 716 |
| Take My Word For It | 1-20 | 03/02/03 | 03/18/03 | 02/09/04 | 328 |
| Take My Word For It | 21-30 | 02/04/03 | 03/18/03 | 02/09/04 | 328 |
| Vigilante Force | 1-20 | 04/25/03 | 07/07/03 | 08/11/05 | 766 |
| Vigilante Force | 21-30 | 04/25/03 | 07/07/03 | 08/11/05 | 766 |

It is clear that for these titles the infringements were interrupted by the signing of the Settlement Agreement and the entry of the Permanent Injunction, then Hong Wei commenced new infringements of these titles. As the above chart demonstrates, for most of these titles, there is a "appreciable period of time" between infringements as required by the Uneeda court to revive U2 Home's request for statutory damages for these titles.

If U2 Home was not permitted to recover statutory damages for these titles, Hong Wei would incur a benefit for its prior illegal acts of infringement and would incur future benefits because Hong Wei would be free to infringe these titles without the threat of being assessed statutory damages. Hong Wei would benefit from its illegal acts and such a resolution would not conform to the purposes of the Copyright Act, to punish infringers.

Therefore, U2 Home should be permitted to recover statutory damages for these titles because Hong Wei began new infringements after the registration dates.

II.   U2 HOME IS ENTITLED TO A "PER EPISODE" AWARD OF STATUTORY DAMAGES.

U2 Home requests statutory damages of $750 per episode for each

10

work infringed. This request is appropriate and in line with legal precedent as cited in U2 Home's motion.

Hong Wei cites <u>UMG Recordings Inc. v. MP3.Com, Inc.</u>, 109 F.Supp.2d 233 (S.D.N.Y. 2000) for the proposition that U2 Home should not be awarded "per episode" damage. However, this case involved musical compositions and not television episodes. Hong Wei has cited no case for the proposition that a per television series episode award of damages is not appropriate.

As previously discussed, the TVB Series are ongoing television programs much like soap operas or any ongoing drama series. Each individual episode was originally broadcasted in China on television and later recorded on DVD for distribution in the United States market.

The Second Circuit in <u>Twin Peaks Productions, Inc. v. Publications International, Ltd.</u>, 996 F.2d 1366 (2d Cir. 1993) awarded statutory damages for infringement of each episode of a television series. Further, in <u>Gamma Audio and Video, Inc. v. Ean-Chea</u>, 11 F.3d 1106 (1st Cir. 1993) the First Circuit held that episodes that are part of one copyright registration warrant the award of per episode statutory damages.

Hong Wei desperately tries to distinguish <u>Ean-Chea</u> from the facts and works at issue in this case. However, the works in <u>Ean-Chea</u> were also the TVB Series; and the court held that each TVB Series episode had "independent economic value". Although not controlling on this Court, the facts in <u>Ean-Chea</u> are identical to this case and the Court's ruling is persuasive and should be followed. Courts in this Circuit and other circuits have followed <u>Ean-Chea's</u> reasoning as discussed in U2 Home's

motion.

Each episode of the TVB Series has independent economic value. A person can enjoy an episode of "Law and Order" or "Seinfeld" without seeing the previous episodes, because each episode has its own independent entertainment value. Similarly, a Chinese speaking American can get the same joy out of watching an episode of a TVB Series without seeing every other episode of the series.

Therefore, U2 Home should be awarded a "per episode" award of damages.

III. U2 HOME HAS AMENDED ITS DAMAGES CLAIM TO $927,000.00.

For certain titles and entries included in U2 Home's spreadsheets relating to its claim of damages, Hong Wei asserts certain objections. Although U2 Home contests these allegations, in order to ensure that there is no dispute as to the material facts of U2 Home's motion, U2 Home has amended its exhibits. These changes are detailed in the supplemental affirmations submitted herewith.

The revised Exhibit E to Alan T. Huie's affirmation states that U2 Home now requests damages for 70 separate registration encompassing 1,236 separate episodes of the Subject TVB Series Works. For these 1,236 works, U2 Home requests damages of $750 per episode or $927,000.00.

If the Court determines that U2 Home is not entitled to statutory damages for the works list in Hong Wei's Schedule D (see, infra. Point I(E)) U2 Homes request for damages would be reduced to 894 separate episodes or $670,500.00.

---

[5] These dates are taken from Hong Wei's brief and not necessarily adopted by U2 Home.

12

...
...
...
...
...

## CONCLUSION

For the foregoing reasons, U2 Home respectfully requests the Court grant its motion for summary judgment and the Court: award (a) statutory damages as provided by Section 504 of the Copyright Act in the amount of $750 for each of 1,236 works infringed for a total reward of $927,000.00; (b) attorneys' fees and costs, pursuant to Section 505 of the Copyright Act; and (c) that Hong Wei's counterclaims be dismissed.

Dated: January 11, 2008

SARGOY, STEIN, ROSEN & SHAPIRO

By: _____
Harvey Shapiro, Esq.
1790 Broadway, 14th Floor
New York, New York 10019
ATTORNEYS FOR PLAINTIFF
(212) 621-8224

---

[6] However, if the Court determines that U2 Home is not entitled to a "per episode" award of damages, it requests a higher award of statutory damages for each copyright registration due to Hong Wei's willful copyright infringement. For the 70 separate registrations U2 Home requests $10,000 per work or $700,000.00

13